IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 25, 2010 Session

## STATE OF TENNESSEE v. TIMOTHY DELANDO METCALF

**Direct Appeal from the Circuit Court for Sullivan County**
**No. S54,989    R. Jerry Beck, Judge**

_____

**No. E2009-02362-CCA-R3-CD - Filed September 22, 2010**
_____

The Defendant-Appellant, Timothy Delando Metcalf, pled guilty in the Circuit Court of Sullivan County to burglary, a Class E felony, and theft of $500 or less, a Class A misdemeanor, and appeals the denial of his request for an alternative sentence. Metcalf received a sentence of one year in the Tennessee Department of Correction for the burglary conviction and a suspended sentence of eleven months and twenty-nine days for the theft conviction. In this appeal, Metcalf claims the trial court should have also granted probation for the burglary conviction. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender; Terry Jordan, Assistant Public Defender, Blountville, Tennessee, for the Defendant-Appellant, Timothy Delando Metcalf.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Julie Canter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. The facts supporting the convictions were set forth by the State at the guilty plea hearing:

Had Case S54989 proceeded to trial the State's proof would have been that on March 9th, 2008, Christopher Harris reported that while his vehicle was parked in [a] K-Mart parking lot at 1805 East Stone Drive in Kingsport, someone stole his CD player. He advised that the car was unlocked, and the CD player was taken from the dash.

Detective Todd Ide obtained surveillance video from K-Mart['s] loss prevention officer, Randy McCreedy, which revealed two white males exiting the store, and one male entering the victim's car while the other male acted as a lookout.

The video revealed that the suspects left in a red and gray Chevrolet Caprice. The suspect vehicle was located at 127 Georgia Private Drive, and contact was made with the residents. The residents were identified as Tim Metcalf and Robert Metcalf. Both Timothy and Robert Metcalf were identified from the surveillance video as well.

All of the above did occur in Sullivan County.

The trial court sentenced the petitioner immediately following the entry of the guilty plea.

At the sentencing hearing, the pretrial diversion report, prepared by Officer Elizabeth Nelson of the Tennessee Board of Probation and Parole, was admitted into evidence. Before pleading guilty, Metcalf requested pretrial diversion; however, he abandoned this effort after he committed and pled guilty to several new offenses in South Carolina while he was released on bond in the instant case. The trial court considered the report in addressing alternative sentencing.

The report provides a statement Metcalf gave to the Kingsport Police Department on March 11, 2008. Metcalf claimed he was at the K-Mart because his brother, Robert, needed a jack for his car. After purchasing the jack, Metcalf noticed a car in the parking lot that he thought belonged to his other brother, Nakkita. Metcalf said he entered the car and realized that it did not belong to Nakkita. Metcalf stated:

> I got into the Eclipse and realized it was not his car. I took the radio out of the dash and put it in my car. I showed my brother the radio as we pulled out. We pulled out of the parking lot and went home. When we got home I worked on Robert's car for a while then I put the radio I stole in the dash of my car.

The report shows that Metcalf submitted a second written statement on August 15, 2008, to the Tennessee Board of Probation and Parole. Metcalf provided a different description of the theft in this second statement. He stated, "I saw a car thinking it was my half brother['s] car who lives in Tenn. So I was playing a joke on half brother Nikitta[1] by taking his CD palyer [sic] out of [his] car then later returning it to him."

---

[1]The name of Metcalf's half brother is spelled differently in the two statements from the pretrial diversion report.

The report further confirmed that Metcalf committed four new offenses in Greenville, South Carolina after he was released on bond. Each of these offenses occurred on November 24, 2008. He was nineteen years old at the time. Metcalf was found guilty of disturbing schools, petit larceny, and two counts of grand larceny. For the grand larceny convictions, he was sentenced to three years of probation. The sentences for disturbing schools and petit larceny are not included in the report.

The report detailed several technical violations of Metcalf's probation in South Carolina including failure to provide proof of employment, failure to pay fees and failure to perform court ordered community service. The report stated that Metcalf had previously used marijuana, did not drink alcohol, and was in "excellent" mental and physical health. Metcalf dropped out of high school in the tenth grade, but he claimed to have obtained his G.E.D., which could not be verified.

The only witness to testify at the hearing was Metcalf's mother, Rita Lewis Metcalf. She lived with Metcalf in Greenville, South Carolina. She claimed Metcalf was up to date on his restitution payments, had obtained full-time employment at a paint store, and acknowledged that the probation officer had not received verification of Metcalf's employment.

Following the testimony, the trial court noted the two felony offenses that Metcalf committed in South Carolina while on bond and denied probation for the burglary conviction. The record shows the trial court recognized that Metcalf was a "young offender" and that the instant offense involved "property crimes." The trial court stated: "The Defendant's record is not good. But, we're facing prison overcrowdedness [sic]. It is a nonviolent offense. He–except for his other state problems, he would have probably been eligible for diversion." Following the trial court's denial of alternative sentencing, Metcalf filed a timely notice of appeal.

## ANALYSIS

Metcalf claims the trial court erred in denying alternative sentencing for the burglary conviction. He asserts the trial court did not consider the principles of sentencing or the relevant facts and circumstances. Metcalf contends that confinement was not warranted because of his limited criminal record, his explanation for the offense, and the nonviolent nature of the offense. He also argues that the trial court failed to consider several mitigating factors, including his employment and his lack of substance abuse. In response, the State claims the record supports the denial of an alternative sentence. It argues that confinement was appropriate because Metcalf committed several offenses while on bond and refused to take responsibility for the burglary. The State contends Metcalf has already shown that he

cannot meet the demands of probation. It refers to his unsuccessful placement on bond and his violation status in South Carolina. We agree with the State.

**Standard of Review**. On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2009). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. T.C.A. § 40-35-401(d) (2009), Sentencing Commission Comments. Here, the record shows that the trial court considered the sentencing principles and all of the relevant facts and circumstances; therefore, our review is de novo with a presumption of correctness. See Ashby, 823 S.W.2d at 169.

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See T.C.A. § 40-35-303(a) (2009). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. T.C.A. § 40-35-303(b) (2009). No criminal defendant is automatically entitled to probation as a matter of law. Id., Sentencing Commission Comments; see State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant. See State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citation omitted). In this case, Metcalf was eligible for probation because his sentence for burglary was less than ten years and burglary is not an offense that is specifically excluded by statute. See T.C.A. § 40-35-303(a).

When considering probation, the trial court should look to the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, his present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See T.C.A. § 40-35-103(5) (2009). Moreover, our supreme court has held that truthfulness is a factor which the court may consider in deciding whether to grant or deny probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983) (citing State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981)).

In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C) (2009). See also Ashby, 823 S.W.2d at 169. The trial court should also consider the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 (2009). T.C.A. § 40-35-210(b)(5) (2009); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Finally, the sentence imposed should be the least severe measure necessary to achieve its purpose. T.C.A. § 40-35-103(4) (2009).

Here, the trial court denied probation for the burglary offense and imposed a one-year sentence of confinement to be served at 30 percent. The record supports the trial court's denial of an alternative sentence. The primary basis for the denial was that Metcalf committed four additional criminal offenses while released on bond in the instant case, two of which were felonies. The pre-trial diversion report was also introduced at the hearing and supported the trial court's denial of probation. It showed Metcalf's lack of candor regarding the offense as well as his inability to comply with the requirements of his existing probation imposed by the South Carolina authorities. Based on these considerations, we conclude that the trial court did not err in denying probation for the burglary conviction. Metcalf has not met his burden of proving that his sentence was improper. See T.C.A. §§ 40-35-401(d), -303(b). Accordingly, he is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE